**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GUILLERMO ANTONIO PACHECO IRGUAY, | |
| Plaintiff, | No. 26 CV 4792 |
| v. | Judge Manish S. Shah |
| MARKWAYNE MULLIN, et al., | |
| Defendants. | |

**TEMPORARY RESTRAINING ORDER**

Plaintiff's motion for a temporary restraining order is granted.

Plaintiff has established a likelihood of success on the merits. Title 8, United States Code, Section 1254a prohibits removal from the United States of a foreign national with temporary protected status. Plaintiff was approved for temporary protected status in 2024, and re-registered in 2025. His re-registration has not been denied. Plaintiff is likely a member of the National TPS Alliance and likely able to enforce, through issue preclusion, the judgment in *Nat'l TPS All. v. Noem*, No. 25-cv-017660EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025), declaring the termination of Venezuela as a TPS-designated foreign state unlawful. Therefore, it is likely that plaintiff continues to have temporary protected status and his removal would be in violation of 8 U.S.C. § 1254a(a)(1)(A).

Detention or removal would be an irreparable harm to plaintiff, and not detaining or removing plaintiff (at least during the pendency of a TRO) would not irreparably harm the United States. The balance of harms favors plaintiff, and the public interest is not contrary to a temporary restraining order.

Therefore, defendants are restrained and enjoined from (1) detaining plaintiff in connection with removal proceedings or (2) removing plaintiff from the United States.

This temporary restraining order is in effect for 14 days from its entry.

No bond is necessary to secure this injunction, because its short duration will impose no costs or damages to the government even if the injunction is in error.

ENTER:

Date: April 30, 2026

Manish S. Shah
U.S. District Judge

2