**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GUILLERMO ANTONIO PACHECO IRGUAY,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

No. 26 CV 4792

Judge Manish S. Shah

**ORDER**

Plaintiff's motion for a preliminary injunction is denied.

**STATEMENT**

Although I granted a TRO, I now conclude that plaintiff is unlikely to succeed on the merits of a claim dependent on issue preclusion from *Nat'l TPS All. v. Noem*, No. 25-cv-017660EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025).

Plaintiff is not likely to be able to use the December 10, 2025 declaratory judgment against the government in the current procedural posture. True, associational standing suggests that the members of an association can rely on a judgment received by the association. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) ("it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured") (quoting *Warth v. Seldin*, 422 U.S. 490, 515 (1975)). But the path from associational standing to offensive issue preclusion against the government is not so clear-cut. "[C]ourts should be careful when they seek to apply expanding rules of collateral estoppel to government litigation." *United States v. Mendoza*, 464 U.S. 154, 161 (1984) (nonmutual collateral estoppel does not apply to the government); *see also Taylor v. Sturgell*, 553 U.S. 880, 901 (2008) (rejecting a doctrine of preclusion that creates de facto class actions without procedural protections).

An earlier decision raising the same issue as the declaratory judgment has been stayed by the United States Supreme Court, and the government's termination of temporary protected status (for other countries) is pending in *Mullin v. Doe* and *Trump v. Miot*. With that backdrop, I am not likely to give preclusive effect to the December 10, 2025 judgment without a stronger showing of mutuality, privity, and

adequacy of representation between the National TPS Alliance and Pacheco Irguay or at least until the Supreme Court speaks.

Plaintiff is also unlikely to succeed because he could have asserted his TPS designation in his earlier lawsuit challenging the dismissal of his Form I-589. *Pacheco Irguay v. USCIS*, No. 25 CV 8262 (N.D. Ill.). Although the legal claim to challenge dismissal of his Form I-589 is different than the claim for an injunction to stop his detention pending expedited removal, the operative facts are the same—plaintiff's immigration status and the government's effort to deploy an expedited removal order against him. Plaintiff had an opportunity to raise his TPS designation before his lawsuit was dismissed for want of prosecution. That dismissal was an adjudication on the merits. Fed. R. Civ. P. 41(b). Claim preclusion likely bars plaintiff's effort to litigate a claim that could have been litigated in his first lawsuit but was not. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011).

ENTER:

Date: May 18, 2026

Manish S. Shah
U.S. District Judge

2